## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| PRECIOUS JONES, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br>   v.<br><br>HOMEAGLOW INC.<br><br><br><br><br>       Defendant. | Case No.<br><br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Precious Jones ("Ms. Jones"), by her undersigned counsel, for this class action complaint against Defendant Homeaglow Inc., as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

### I.   INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making prerecorded telemarketing calls, including her own.

3.      Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.     PARTIES

4.      Plaintiff Precious Jones is an individual residing in this District.

5.      Defendant Homeaglow Inc. is a corporation that makes telemarketing calls to consumers in this District to derive business from this District.

## III.    JURISDICTION AND VENUE

6.      Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

7.      Personal Jurisdiction: The Court has specific personal jurisdiction over Defendant Homeaglow Inc. because they made telemarketing calls into this District.

8.      Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—were sent from this district.

## IV.  FACTS

### A.  The Enactment of the TCPA and its Regulations

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services, like Mr. Shelton's VoIP service, for which the called party is charged, thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

14.     This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

15.     "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices to business lines. *See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

16.     Non-consensual, non-emergency calls placed using an ATDS or an artificial or prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To hold otherwise would read the words "any person" and "any call" out of the statute. *See id*.

**B.     Unsolicited Telemarketing to Plaintiff**

17.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18.     Plaintiff's cellular telephone number is 682-351-XXXX.

19. In October 2024, after inquiring about Defendant's services, Plaintiff began to receive persistent pre-recorded telemarketing calls on her cellular telephone, 682-351-XXXX, from Defendant.

20. The calls were all made for the same purpose, to solicit Defendant's house cleaning services to Plaintiff.

21. Shortly after inquiring about Defendant's services, in October 2024, Plaintiff answered one of Defendant's telemarketing calls and informed Defendant's representative that she was no longer interested in Plaintiff's services and explicitly requested that Defendant cease calling her.

22. Despite this request, Plaintiff continued to receive constant, harassing telemarketing calls from Defendant on her cellular telephone.

23. Each of these calls began with a pre-recorded message to the following effect:

> Please hold while we connect you with a Homeaglow representative.

24. Plaintiff made at least five (5) verbal Do-Not-Call requests to Defendant's representatives between November 2024 and January 2025.

25. Nevertheless, Plaintiff continued to receive harassing telemarketing solicitations to Defendant.

26. In another attempt to stop Defendant's telemarketing, on January 16, 2025, Plaintiff sent an email to Defendant outlining the illegal calls Defendant placed to her and again demanding that Defendant cease placing calls to her.

27. Defendant responded on January 16, 2025, at 6:36 p.m. with the following from support+c5153228@homeaglow.com:

> Hi Precious,

> This is Emma with Homeaglow. I apologize for any inconvenience this may have caused you. Your account has been unsubscribed from our marketing emails effective Dec 26, 2024. Rest assured that you will not get any marketing emails, texts, or calls anymore moving forward.
> If needed, schedule your next cleaning: https://www.homeaglow.com/s/jvwvzEw
> - Emma, Homeaglow HQ

28. Despite Defendant's assurance that Plaintiff would no longer receive telemarketing calls or texts, Plaintiff continued to receive calls from Defendant.

29. In fact, on the same day, January 16, 2025, Plaintiff received two additional telemarketing calls.

30. One of said calls was placed by Defendant to Plaintiff at or around 9:30 a.m. on January 16, 2025.

31. After Plaintiff realized that the call was from Defendant, she ended the call.

32. Shortly after, at 9:47 a.m. on January 16, 2025, Plaintiff received the following text message from Defendant:



33. This text message came from the number 361-600-4159.

6

34. Plaintiff received a second telemarketing call from Defendant on January 16, 2025, at approximately 2:38 p.m.

35. This call came from the number 475-251-4112.

36. Plaintiff was frustrated and harassed by repeated telemarketing from Defendant and Defendant's noncompliance with her do-not-call requests.

37. Similarly, other individuals have received persistent telemarketing calls from Defendant despite do-not-call requests:



**Homeaglow, Inc.**
House cleaning service
PLACE DETAILS

Caitlynn Borzilleri

★☆☆☆☆ a month ago

I requested more information about their services during the summer and decided not to go with them. For the past 5 months this company has not stopped calling/texting me, multiple times a day, ALWAYS from a different number. I have asked them so many times to stop calling me and everyday a new number pops up. LEAVE ME ALONE

*See* https://maps.app.goo.gl/AYBws9x7hMJeapG87 (Last Accessed January 29, 2025)

38. Plaintiff and other individuals who received these pre-recorded solicitations suffered an invasion of privacy and were harassed by the conduct of Defendant.

## V.   CLASS ACTION ALLEGATIONS

39.   <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Classes (the "Classes") defined as follows:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint
>
> **Do Not Call Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called at least twice in a 12-month period (2) despite previously requesting to no longer be contacted.

40.   Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

41.   The Classes, as defined above, are identifiable through telephone records and telephone number databases.

42.   The potential members of the Classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

43.   Individual joinder of these persons is impracticable.

44.   Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

45.   Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

46.   Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

47. This class action complaint seeks injunctive relief and money damages.

48. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant systematically used systems to send calls using artificial or pre-recorded voices;

    b. whether Defendant systematically made multiple telephone calls to members of the Do Not Call Stop Class;

    c. whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; and

    d. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

49. Plaintiff's claims are typical of the claims of the Classes, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

50. Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Classes, she will fairly and adequately protect the interests of the Classes, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

51. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

52. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

53. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION

### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227(b))
### (On Behalf of Plaintiff and the Robocall Class)

54. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

55. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

56. The Defendant's violations were negligent, willful, or knowing.

57. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

58. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and Do Not Call Class)**

59. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

60. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Do Not Call Stop class.

61. Defendant's violations were negligent, willful, or knowing.

62. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Do Not Call Stop Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

    A.    Certification of the proposed Classes;

    B.    Appointment of Plaintiff as representative of the Classes;

    C.    Appointment of the undersigned counsel as counsel for the Classes;

    D.    An award to Plaintiff and the Classes of damages, as allowed by law; and

    E.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this January 31, 2025.

        */s/ Anthony Paronich*
        Anthony Paronich
        Email: anthony@paronichlaw.com
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        Telephone: (617) 485-0018
        Facsimile: (508) 318-8100

        *Attorneys for Plaintiff and the Proposed Class*